33537.   ATLANTIC COAST LINE R. CO. *v.* CHAPMAN.

Decided June 9, 1951.

*S. Spencer Bennet, R. D. Smith, Thomas K. Vann Jr.,* for plaintiff in error.

*T. J. Lewis, T. J. Lewis Jr., R. R. Forrester,* contra.

FELTON, J.   Counsel for both sides state that this action was brought both under the Federal Employees Liability Act and the Safety Appliance Act and as the case was apparently so tried without objection by the defendant, it shall be so treated by this court.

Two excerpts from the court's charge are excepted to.   One was to the effect that in determining whether the defendant was negligent in respect of the defective coupling the jury could

consider the provisions of the Safety Appliance Act, as follows: "Sec. 2. Automatic couplers. It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." The other excerpt stated that the effect of a failure to comply with the Safety Appliance Act could not be avoided by proof of care and diligence.

■ The first question to be determined is whether a violation of Section two of the Safety Appliance Act was proved. The defendant contends that it was not, for the reason that there was no proof that the couplers would not couple on impact nor that it was necessary for one to go between the cars to uncouple the couplers inasmuch as plaintiff did not go between the cars but uncoupled the cars from the side of the train on the opposite side of the train. We think this question was settled by the case of Central Vermont Ry. Co. v. U. S., 205 Fed. Rep. 40 (Cir. Ct. of App. First Circuit). In that case the United States sued the railroad for penalty for hauling on its lines three cars not equipped as required by Section two of the Safety Appliance Act. The uncontradicted evidence showed that the coupler at one end of each of them was not in good working order. The court held that the act was violated as to each car despite the fact that the cars could have been uncoupled from the other side of the train by use of the efficient coupler on the adjoining car to reach which it would have been necessary to go over, under or around the train. The effect of this ruling is that each car is a unit and that if the lever by which the couplers are uncoupled is so defective as not to effect the uncoupling, as a matter of law the result is to require one's going between the cars to effect the uncoupling notwithstanding the uncoupling could be done from the other side of the train by use of another lever on another car. On such authority we hold that there was evidence in this case that the act was violated and that the charges excepted to were not error for the first reason assigned.

■ The second contention of the defendant is that the defective coupler was not the efficient proximate cause of the in-

■

juries, and that the proximate cause was the negligence of the defendant in not keeping the track free of debris, etc. Under the rulings of the Supreme Court of the United States this contention is without merit. Affolder v. N. Y., Chicago and St. Louis R. Co., 339 U. S. 96 (70 Sup. Ct. 509, 94 L. ed. 683), and citations. In that case it was held that defective couplers were the proximate cause of injuries to an employee who tried to stop a string of moving cars which had separated from others after an earlier failure of two of them to couple on impact. The rationale of that decision and others is that defective couplers are a contributing proximate cause of injuries if they subject an employee to the employer's negligence to which he would not have been subjected if the couplers had not been defective, and that the employer is liable for failure to comply with the act if the failure is a contributing proximate cause of the injuries regardless of how the injuries occur, and whether there was negligence or not. If the case of Lang v. New York Central R. Co., 255 U. S. 455 (41 Sup. Ct. 381, 65 L. ed. 729), is distinguishable, it is because the absence of the draw bar and coupler was not the cause of the employee's being in a dangerous position between the cars. However, the court in that case seems to have confused negligence and absolute duty in reaching its conclusion and the principle there announced has not been recently followed.

■ The third headnote requires no further discussion.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*